IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:18-CV-12-FL

| LESLEY E. DUKE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| JIMMY HASLAM, | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss for lack of jurisdiction and failure to state a claim (DE 20) and plaintiff's motion not to dismiss (DE 26). Plaintiff responded to defendant's motion, and defendant provided notice of his intent not to file a reply. The issues raised have been fully briefed by the parties, and in this posture are ripe for ruling. For the following reasons, defendant's motion is granted.

## STATEMENT OF THE CASE

Plaintiff commenced this action pro se, filing his complaint on March 27, 2018. Plaintiff asserts that defendant defrauded him and cheated him out of money on a fuel and fuel rebate scam. Although it is unclear on the face of plaintiff's complaint what relief he seeks from the court, presumably he seeks damages. Additionally, plaintiff seeks a restraining order against defendant.

Defendant filed the instant motion to dismiss, arguing 1) plaintiff has failed to invoke the court's subject matter jurisdiction, 2) plaintiff has failed to show the court has personal jurisdiction over defendant, and 3) plaintiff fails to state a claim upon which relief can be granted.

In response and in his motion not to dismiss the action, plaintiff argues that "federal rule 69 equal justice under law, and the due process of law should apply." (DE 24, 26).

**STATEMENT OF FACTS**

The facts alleged in the complaint may be summarized as follows. Plaintiff is a resident of North Carolina, doing business as Ontime Transportation. (Compl. at 1). Plaintiff alleges that defendant and Pilot, Flying J Travel Centers, located in Knoxville, Tennessee, defrauded plaintiff and cheated him out of money on a fuel and fuel rebate scam. (Id. at 1-2). Plaintiff also alleges that a gun shot came through his home, and although he does not accuse defendant of the gun shot, he seeks a restraining order against defendant. (Id. at 2).

**COURT'S DISCUSSION**

A.  Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Such motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Where a defendant raises a "facial challenge[] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts "the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018). When a defendant challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party in such case "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

Federal Rule of Civil Procedure 12(b)(2) allows for dismissal of a claim for lack of personal

jurisdiction. "When a district court considers a question of personal jurisdiction based on the contents of a complaint and supporting affidavits, the plaintiff has the burden of making a prima facie showing in support of its assertion of jurisdiction." Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014). At this stage, the court "must construe all relevant pleading allegations in the light most favorable to plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Combs v. Bakker, 886 F.2d 673, 676 (4th Cir.1989); see Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir.1993) ( "[T]he district court must draw all reasonable inferences arising from the proof, and resolve a ll factual disputes, in the plaintiff's favor.").

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.     Analysis

Plaintiff fails to allege in his complaint facts sufficient to establish subject matter jurisdiction in this case. Generally, a federal court may only hear claims that raise a question arising under federal law, see 28 U.S.C. § 1331, or in disputes involving violations of state law where the parties

are citizens of different states and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332.

The only cause of action that plaintiff raises in his complaint is fraud, which is a cause of action under state law. Therefore, federal question jurisdiction does not apply. Plaintiff's complaint suggests he is trying to invoke diversity jurisdiction, since he is apparently a resident of North Carolina and defendant's address listed in the complaint is in Tennessee. However, plaintiff's complaint does not state an amount in controversy for the underlying dispute. Consequently, plaintiff has failed to affirmatively allege facts necessary for the court to find subject matter jurisdiction.[1]

Plaintiff also fails to make a prima facie showing of personal jurisdiction over defendant. "A lawful assertion of personal jurisdiction over a defendant requires satisfying the standards of the forum state's long-arm statute and respecting the safeguards enshrined in the Fourteenth Amendment's Due Process Clause." Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co., 682 F.3d 292, 301 (4th Cir. 2012). Where, as here, "North Carolina's long-arm statute is construed to extend jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause, . . . the dual jurisdictional requirements collapse into a single inquiry" into whether personal jurisdiction comports with due process. Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001).

The due process inquiry "can be undertaken through two different approaches – by finding specific jurisdiction based on conduct connected to the suit or by finding general jurisdiction" based on "continuous and systematic" activities. ALS Scan, Inc. v. Digital Serv. Consul., Inc., 293 F.3d

---

[1] Plaintiff alleges in his response in opposition to the motion that he lost $150,000. This does not cure the facial deficiency of plaintiff's complaint for lack of subject matter jurisdiction, but would be sufficient to meet the amount in controversy.

707, 711 (4th Cir. 2002). "To decide whether specific jurisdiction exists, we examine (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." Mitrano v. Hawes, 377 F.3d 402, 407 (4th Cir. 2004) (quotations omitted); see Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-76 (1985). "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." Walden v. Fiore, 571 U.S. 277, 283-84 (2014) (quotations omitted). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." Id. at 284.

Here, plaintiff has failed to allege any facts which give the court jurisdiction over defendant. The only address that plaintiff has provided is in Tennessee, which suggests that defendant is not a resident of North Carolina and not subject to general personal jurisdiction. Moreover, the plaintiff has not alleged any facts which show what contacts, if any, defendant has with North Carolina. Because there are no facts in the complaint which allege defendant has "purposefully availed himself of the privilege of conducting activities in the State [of North Carolina]," and that "plaintiff[']s claims arise out of those activities[,]" Mitrano, 377 F.3d at 407, this court lacks personal jurisdiction over defendant.

Finally, plaintiff's complaint fails to state a claim. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "To meet this standard, [] plaintiff must, at a minimum, describe the time, place, and contents of the

5

false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 379 (4th Cir. 2008) (internal quotations and citations omitted). "These facts are often referred to as the who, what, when, where, and how of the alleged fraud." Id. (internal quotations and citations omitted).

The only allegations plaintiff raises are that defendant perpetuated a fraud through a fuel and fuel rebate scam. (Compl. at 2). This lone allegation is patently insufficient to meet the pleading standard required under Fed. R. Civ. P. 9(b).

For these reasons stated herein, plaintiff's complaint must be dismissed without prejudice for lack of jurisdiction and failure to state a claim.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 20) is GRANTED. Plaintiff's motion not to dismiss (DE 26) is DENIED. Plaintiff's complaint is dismissed without prejudice. The clerk is DIRECTED to close this case.

SO ORDERED, this the 17th day of October, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge